BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone: (907) 271-5452
Facsimile:  (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, THE WILDERNESS SOCIETY, SITKA CONSERVATION SOCIETY, TONGASS CONSERVATION SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY, <br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest.<br><br>　　　　　　　　Defendant. | Case No. 1:06-CV-005   (JWS) |

ANSWER OF FEDERAL DEFENDANTS

Using the same numbering of paragraphs and sentences, federal defendants answer the

allegations of the complaint as follows:

ANSWER                                  1

1. This paragraph is a characterization of the plaintiffs' case and requires no answer.

2. Admit the second and third sentences of this paragraph. With regard to the first sentence, admit with the clarification that only 676,000 of the 3.6 million acres allocated to LUDS that permit logging and road building are suitable and scheduled for timber production.

3. Admit the first sentence. Admit the allegations of the second sentence with the qualification that only 5.8 of the miles are for classified roads. Admit the third sentence with the qualification that road building is permissible in Old-Growth Habitat LUDs if no other feasible means of access exists. Admit the fourth sentence. Deny the remaining sentences.

4. Denied.

5. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in the first sentence. The second sentence is plaintiffs' characterization of their case and requires no answer.

6. This paragraph consists of conclusions of law not requiring an answer.

7. This paragraph consists of conclusions of law not requiring an answer.

8. This paragraph consists of conclusions of law not requiring an answer.

9. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

10. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

11. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

12. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in

this paragraph.

13. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

14. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

15. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

16. Federal defendants admit the allegations of this paragraph as to some of the issues and some of the plaintiffs, but deny that all of the plaintiffs have acted as alleged in the paragraph as to all issues.

17. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

18. Federal defendants have insufficient knowledge or belief to admit or deny the allegations in this paragraph.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Federal defendants admit the allegations in the first sentence and deny the allegations in the second sentence.

25. The first sentence consists of conclusions of law not requiring a response. Federal

defendants admit the allegations in the second and third sentences.

26. This paragraph purports to paraphrase a document which is the best evidence of its contents.

27. Admit.

28. Federal defendants admit the allegations in the first sentence. The remaining sentence purport to paraphrase a document which is the best evidence of its contents.

29. Federal defendants admit the first, third, and fourth sentences. The second sentence purports to paraphrase a document which is the best evidence of its contents.

30. This paragraph purports to paraphrase a document which is the best evidence of its contents.

31. Federal defendants admit the allegations in the first sentence. Admit that timber sale offerings approved under the 1997 Tongass Plan have caused and are projected to cause some impacts to wildlife and other resources and deny that those impacts have been or are expected to be significant due to design and mitigation measures.

32. Deny.

33. Admit that Congress in 1990 adopted modifications to the long-term contracts to regulate harvest of volume class 6 and 7 as set forth in Section 301 of the Tongass Timber Reform Act and otherwise deny the allegations of this paragraph.

34. Deny.

35. This paragraph purports to paraphrase a document which is the best evidence of its contents.

36. This paragraph purports to paraphrase a document which is the best evidence of its contents.

37.. Federal defendants deny the first and second sentences. The third sentence paraphrases the Canal Hoya EIS, which is the best evidence of its contents.

38. Deny.

39. This paragraph purports to paraphrase a document which is the best evidence of its contents.

40. The first sentence purports to paraphrase a document which is the best evidence of its contents. Federal defendants admit that some public comments requested an alternative that had as a component a prohibit on building roads in unroaded watersheds and that other public comments requested an alternative that had a component that would have placed the three largest old growth "patches" in reserves. Federal defendants admit that the proponents admit that the proponents of those alternatives assumed that those alternatives assumed that hose alternatives would permit some level of timber harvest on the Tongass. Federal Defendants otherwise deny the allegations of second sentence, as well as the third sentence.

41. Admit.

42. Federal defendants admit that the Emerald Bay project may cause site-specific effects that are not expected to be significant.

43. Admit that the Forest Service applied the standards and guidelines and other provisions of the Forest Plan to the Emerald Bay project, but otherwise deny the allegations of this paragraph.

44. Deny.

45. Deny.

46. Deny.

47. Admit.

48. Deny.

49. Admit that the ROD for the Emerald Bay project identified clearcut prescription with the clarification that a retention requirement of 10-20 percent was applied to most of the clearcut acres.

50. This paragraph purports to paraphrase a document which is the best evidence of its contents.

51. Federal defendants admit the allegations in the first and fourth sentences. Federal defendants are unable to answer the second and third sentences because plaintiffs provide no definition of "natural ecological function of the area."

52. Federal defendants admit that the Regional Forester considered the Brooks and Haynes draft report when making his decision adopting the 1997 Plan and otherwise deny the allegations of this paragraph.

53. This paragraph purports to paraphrase a document which is the best evidence of its contents.

54. This paragraph purports to paraphrase a document which is the best evidence of its contents.

55. Deny.

56. Admit.

57. Deny.

58. Deny.

59. Deny.

60. Admit

61. Federal defendants admit the allegations in the first sentence. With regard to the second sentence, federal defendants admit that one of the purposes of the agreement was the resolution of certain legal claims. The allegations in the third, fourth, and fifth sentences purport to paraphrase the Settlement Agreement, which is the best evidence of its contents. Federal defendants admit the allegations in the final sentence.

62. Deny.

63. Deny.

ANSWER                                    6

64. Deny.

65. This paragraph purports to paraphrase a document which is the best evidence of its contents.

66. Admit.

67. With regard to the first sentence, federal defendants admit that between 1997 and 2000 approximately 300 MMBF was harvested pursuant to the KPC Settlement Agreement and the one-year extension. Federal defendants admit the allegations the remaining sentences of this paragraph..

68. Federal defendants deny the allegations in the first sentence and admit the allegations in the remaining sentences of this paragraph.

69. Federal defendants admit the first sentence and deny the second sentence.

70. Deny.

71. Deny.

72. This paragraph purports to paraphrase a document which is the best evidence of its contents.

73. Admit.

74. Deny.

75. Federal defendants admit that there has been an increase in applications for export of low grade round Sitka spruce and hemlock logs cut from the Tongass, and otherwise deny the allegations in this paragraph.

76. Admit.

77. Admit.

78. Federal defendants admit the allegations, but affirmatively state that on December 10, 2003, the United States bankruptcy judge for the District of Alaska approved Silver Bay's

reorganization plan, and that subsequent to the bankruptcy filing of Gateway Forest Products, Inc., the Ketchikan Gateway Borough bought the Gateway veneer plant, and resold the veneer plant to T.F. Incorporated in early May 2006.  T. F. Incorporated announced its intention to have the plan operating in September 2006.

79.  Admit that Gateway Forest Products has ceased operations and the majority of its assets have been liquidated.   Federal defendants affirmatively allege that the Ketchikan veneer plant previously owned by Gateway Forest Products has been bought by T. F. Inc., which has announced an intention to reopen the veneer plant by September 2006.

80.  Admit.

81.  Deny.

82.  Deny.

83.  Deny.

84.   Admit.

85.  Deny.

86.  The first sentence consists of conclusions of law not requiring an answer.  Federal defendants admit the allegations in the remaining sentences.

87.  Federal defendants admit that 14 sales have been cancelled under the authority of section 339, and that cancellation is pending on an additional three sales with the combined volume of the 17 sales approximately 122 mmbf.

88.  Admit.

89.  Admit.

90. This paragraph purports to paraphrase a document which is the best evidence of its contents.

ANSWER                                                        8

91. This paragraph purports to paraphrase a document which is the best evidence of its contents.

92. This paragraph purports to paraphrase a document which is the best evidence of its contents.

93. This paragraph purports to paraphrase a document which is the best evidence of its contents.

94. This paragraph purports to paraphrase a document which is the best evidence of its contents.

95. This paragraph purports to paraphrase a document which is the best evidence of its contents.

96. The first sentence purports to paraphrase a document which is the best evidence of it contents. Federal defendants have insufficient knowledge to answer the allegations in the second sentence.

97. Deny.

98. Deny.

99. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

100. This paragraph consists of conclusions of law not requiring an answer.

101. This paragraph consists of conclusions of law not requiring an answer.

102. This paragraph consists of conclusions of law not requiring an answer.

103. This paragraph consists of conclusions of law not requiring an answer.

104. This paragraph consists of conclusions of law not requiring an answer.

105. This paragraph consists of conclusions of law not requiring an answer.

106. Deny.

107. Deny.

108. Deny.

109. This paragraph consists of conclusions of law not requiring an answer.

110. This paragraph consists of conclusions of law not requiring an answer.

111. This paragraph consists of conclusions of law not requiring an answer.

112. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

113. This paragraph consists of conclusions of law not requiring an answer.

114. This paragraph consists of conclusions of law not requiring an answer.

115. The first sentence of this paragraph consists of conclusions of law not requiring an answer. Defendants deny the allegations in the second sentence of the paragraph.

116. This paragraph purports to paraphrase a document which is the best evidence of its contents.

117. This paragraph consists of conclusions of law not requiring an answer.

118. Deny.

119. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

120. This paragraph consists of conclusions of law not requiring an answer.

121. This paragraph consists of conclusions of law not requiring an answer.

122. Deny.

123. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

124. This paragraph consists of conclusions of law not requiring an answer.

125. This paragraph consists of conclusions of law not requiring an answer.

126. Admit that the Emerald Bay project is a site-specific project undertaken, in part, to implement the Forest Plan, but otherwise deny the allegations in this paragraph.

127. The allegations in this paragraph purport to paraphrase the Ninth Circuit's decision, which is the best evidence of its contents.

128. Admit that the Forest Service is currently, and was at the time of the adoption of the

Emerald Bay Record of Decision, in the process of work on an EIS for the Tongass National Forest to correct the deficiencies identified by the court. Otherwise the paragraph consists of conclusions of law not requiring an answer.

129. Deny.

130. Deny.

131. The plaintiffs repeat and incorporate by reference the allegations of the preceding paragraphs.

132. This paragraph consists of conclusions of law not requiring an answer.

133. This paragraph consists of conclusions of law not requiring an answer.

134. Deny.

135. Deny.

136. Federal defendants repeat and incorporate their response to the preceding paragraphs.

137. This paragraph consists of conclusions of law not requiring an answer.

138. This paragraph consists of conclusions of law not requiring an answer.

139. Deny.

140. Deny.

141. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

142. This paragraph consists of conclusions of law not requiring an answer.

143. Deny.

144. Deny.

145. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

146. This paragraph consists of conclusions of law not requiring an answer.

147. Admit.

148. Deny.

149. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

150. This paragraph consists of conclusions of law not requiring an answer.

151. Deny.

152. Federal defendants repeat and incorporate their responses to the preceding paragraphs.

153. This paragraph consists of conclusions of law not requiring an answer.

154. This paragraph consists of conclusions of law not requiring an answer.

155. This paragraph consists of conclusions of law not requiring an answer.

156. This paragraph consists of conclusions of law not requiring an answer.

157. Deny.

The remaining allegations constitute plaintiffs' prayer for relief and require no answer. To the extent that this answer states that an allegation requires no answer, but that allegation in fact requires an answer, federal defendants deny that allegation.

## DEFENSES

1. Plaintiffs lack standing.

2. Some or all of the plaintiffs have failed to exhaust their administrative remedies as to some or all issues.

3. The court lacks subject matter jurisdiction.

4. Some or all of the claims are barred by the applicable statute of limitations.

WHEREFORE, federal defendants pray for judgment dismissing this action, plaintiffs to take nothing and the federal defendants to be awarded such relief as the Court deems just.

RESPECTFULLY SUBMITTED this 6th day of June, 2006, at Anchorage, Alaska.

S/ Bruce M. Landon

BRUCE M. LANDON
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2006, a copy of the foregoing was served electronically to:

Thomas Waldo
Nathaniel Lawrence

s/ Bruce M. Landon
Bruce M. Landon