IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SOUTHEAST ALASKA CONSERVATION    )
COUNCIL, NATURAL RESOURCES DEFENSE  )
COUNCIL, SIERRA CLUB, THE WILDERNESS )
SOCIETY, SITKA CONSERVATION SOCIETY,  )
TONGASS CONSERVATION SOCIETY, and    )
CENTER FOR BIOLOGICAL DIVERSITY,     )
                                     )
                Plaintiff,           ) Case No. 1:06-CV-005(JWS)
                                     )
            v.                       )
                                     )
UNITED STATES FOREST SERVICE; UNITED )
STATES DEPARTMENT OF AGRICULTURE;    )
MARK REY, in his official capacity as Under )
Secretary of Agriculture; DENNIS E. BSCHOR, )
in his official capacity as Alaska Regional Forester; )
and FORREST COLE, in his official capacity as )
Forest Supervisor for the Tongass National Forest. )
                                     )
                Defendant.           )
                                     )

**ORDER OF DISMISSAL**

Counts I, II, III, and X of the Complaint in this action are essentially identical to

the Counts I – IV  in *Natural Resources Defense Council v. United States Forest Service,*

421 F.3d 797 (9th Cir. 2005).  Counts IV through IX of the Complaint are based on

alleged defects in the Emerald Bay Final Environmental Impact Statement and Record of

Decision.  The parties have reached a settlement agreement regarding the appropriate

remedy for the claims decided in *Natural Resources Defense Council*.  The settlement

agreement requires the Forest Service to withdraw the Emerald Bay Record of Decision.

The parties have jointly moved for approval of the settlement agreement and entry of this

Order of Dismissal.

The settlement agreement attached hereto is approved.  All remedy claims as to

Counts I, II, III, and X in this action are hereby dismissed.  Counts IV through IX are

dismissed without prejudice to re-filing if the Forest Service reinstates the Emerald Bay

Record of Decision or issues any other decision document based on the Emerald Bay

Final Environmental Impact Statement.

Notwithstanding the dismissal of the remedy claims and of Counts IV through IX

in this action, this Court shall retain jurisdiction to enforce the terms of the settlement

agreement.  In the event of a disagreement between the parties concerning any aspect of

the settlement agreement, the dissatisfied party shall provide the other parties with

written notice of the dispute and a request for negotiations.  The parties shall meet and

confer in order to attempt to resolve the dispute within seven days of the written notice,

or at such time thereafter as is mutually agreed. If they are unable to resolve the dispute

within fifteen days of such meeting, then either party may file a motion to enforce the

terms of the settlement agreement or for other specific relief.  However, should it appear

that irreparable harm is ongoing or is likely to occur within thirty days from the time a

party learns of such harm, the party may, after providing written notice to the other

parties, file a motion to enforce the provisions of the settlement agreement without

complying with the discussion and resolution provisions of this order.  Contempt of court

is not an available remedy under the settlement agreement or this Order of Dismissal.


DATED: May 29, 2007                          /s/ JOHN W. SEDWICK
                                             United States District Judge

SEACC et al., v. US Forest Service, et al.    2
Case No. 1:06-cv-0005 (JWS)
Order of Dismissal